b

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| MIKE M. SMITH, ET AL., Plaintiffs | CIVIL ACTION NO. 1:16-CV-00811 |
| VERSUS | CHIEF JUDGE DRELL |
| SUTHERLAND BUILDING MATERIAL CENTERS L.P., ET AL., Defendants | MAGISTRATE JUDGE PEREZ-MONTES |

REPORT AND RECOMMENDATION

Before the Court are: (1) a Motion to Dismiss or, Alternatively, a Motion for More Definite Statement (Doc. 2) filed by Defendants, the City of Alexandria (the "City") and Chris Blanchard ("Blanchard"); and (2) a Motion to Remand and for Attorney Fees (Doc. 9) filed by Plaintiffs, Mike M. Smith ("Smith") and Brittany L. Smith ("Brittany Smith"). Defendant Sutherland Building Material Centers, L.P. ("Sutherland's") joins the City and Blanchard in opposing Plaintiffs' Motion to Remand (Doc. 14). Because the Motions each pertain to the nature and import of Plaintiffs' allegations, and each bear upon the continued viability of this lawsuit as it stands, the Court addresses the Motions jointly.

I.   Background

A.   Factual background.

On January 1, 2015, Smith was shopping at a Sutherland store in Alexandria, Louisiana. Blanchard was a Corporal with the Alexandria Police Department working security at the store that day.

While at the store, Smith entered a restroom, and left his shopping basket outside the restroom. When Smith exited the restroom, Blanchard approached him. Smith claims Blanchard falsely accused him of shoplifting; searched him for stolen goods; found none; despite finding no stolen goods, "falsely and unjustly" arrested Smith for theft of goods less than $500 and disturbing the peace; and radioed an APD unit to transport Smith for processing. (Doc. 1-1, pp. 3-4).

Smith claims that both the City and Sutherland "directly or indirectly approved or ratified" Blanchard's actions. (Id., p. 4). Smith seeks damages for mental anguish, "public humiliation," and "[d]eprivation of civil rights." (Id., p. 4). Brittany Smith – Smith's wife – seeks damages for loss of consortium. (Id., p. 4).

B.     Procedural history.

Considerable briefing occurred before removal. Plaintiffs originally filed suit in the Ninth Judicial District Court in Rapides Parish, Louisiana. Plaintiffs alleged in paragraph 5 of their original complaint (filed on December 22, 2015) (Doc. 1-1, p. 3/131)):

> Each and all of the acts of Defendant Blanchard and the City of Alexandria alleged herein were done by those Defendants under the color and pretense of the revises [sic] statutes, ordinances, regulations, customs, laws and usages of the State of Louisiana and the United States and under the authority of their office as police officers for the City of Alexandria.

In paragraph 7 of the original complaint, Smith alleged each defendant violated his civil rights by falsely arresting him. Smith also alleged that Sutherland and the City of Alexandria failed to properly train Blanchard. In paragraph 8, Smith asked for monetary damages including: "c) Deprivation of civil rights."

2

The City and Blanchard responded with "Dilatory Exceptions of Vagueness, Non-Conformity of Petition with Article 891, a Motion to Strike, and Peremptory Exception of No Cause of Action" (Doc. 1-1, p. 15). Sutherland subsequently moved to adopt the exceptions (Doc. 1-1, p. 35).

The state court set a hearing on the exceptions. Before the hearing took place, however, Plaintiffs filed the "First Amending and Supplemental Petition" (the "First Amended Petition,") on January 26, 2016 (Doc. 1-1, p. 32/131). Plaintiffs amended two paragraphs of the Petition to remove two technical ambiguities, but made no substantive changes. Plaintiffs disclaimed any fault, and did not add a cause of action.

Ultimately, the court held a hearing, granted Defendants' exception of vagueness, and ordered Plaintiffs to amend (Doc. 1-1).

In the Second Amending and Supplemental Petition (the "Second Amended Petition"), Plaintiffs amended their allegations against each Defendant to include violations of Smith's civil rights "to privacy, Due Process of Law, and rights of the accused provided under the Louisiana Constitution" (Doc. 1-1, p. 125/131).

Defendants jointly removed for removal shortly after receiving this amendment (Doc. 1). Defendants maintain that Plaintiffs asserted a federal claim by referencing Smith's "Due Process" rights, because capitalizing those words necessarily references the United States – and not just the Louisiana – Constitution.

II. Law and Analysis

    A. The Revival Exception does not apply in this case.

In their second amending and supplemental petition (filed on May 27, 2016) (Doc. 1-1, p. 125/131), Plaintiffs added the language, "violating [Smith's] civil rights to privacy, Due Process of Law, and rights of the accused provided under the Louisiana Constitution." The issue is whether the addition of "Due Process Clause" to the second amending complaint invoked federal jurisdiction and substantially altered the character of the action, constituting essentially a new lawsuit that revived the 30-day time limit for removal.

Plaintiffs argue in their motion to remand that Defendants's removal was untimely. Smith contends he specifically alleged violations of his constitutional rights under the United States Constitution (as well as the Louisiana Constitution) in his original complaint, which was filed on December 22, 2015 (Doc. 1-1). Plaintiffs contend that their causes of action do not depend necessarily on federal law, and they intend their claims to be based on state law[1] (Doc. 9-1). Plaintiffs argue they only mentioned the United States Constitution in the original petition, filed on December 22, 2015 (Doc. 1), so Defendants' removal to this Court on June 9, 2016 was untimely.

Defendants contend Plaintiffs' second amended petition, filed on May 27, 2016 (Doc. 1, p. 125/131), clarified the basis for federal jurisdiction, so the removal was timely under the revival exception.

---

[1] In their reply brief, "Plaintiffs contend this is not a § 1983 action; it is a state tort action" (Doc. 15, p. 2).

1.   **The Revival Exception.**

28 U.S.C. § 1446(b) states:

> (b) Requirements; generally.—
> (1) The notice of removal of a civil action or proceeding shall be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within 30 days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> (2)(A) When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action.
>   (B) Each defendant shall have 30 days after receipt by or service on that defendant of the initial pleading or summons described in paragraph (1) to file the notice of removal.
>   (C) If defendants are served at different times, and a later-served defendant files a notice of removal, any earlier-served defendant may consent to the removal even though that earlier-served defendant did not previously initiate or consent to removal.
> (3) Except as provided in subsection (c), if the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

The Fifth Circuit has explained that § 1446(b), read as a whole, provides two steps for determining whether a defendant timely removed a case. The first paragraph provides that if the case stated by the initial pleading is removable, then notice of removal must be filed within thirty days from the receipt of the initial pleading by the defendant. The second paragraph provides, if the case stated by the initial pleading is not removable, the notice of removal must be filed within thirty days from the receipt

5

of an amended pleading, motion, order, or other paper from which the defendant can ascertain that the case is removable. See Chapman v. Powermatic, Inc., 969 F.2d 160, 161 (5th Cir. 1992), cert. den., 507 U.S. 967 (1993). The thirty-day clock begins to run when the defendant receives a pleading that reveals on its face that the plaintiff is asserting a cause of action based on federal law. See Lefall v. Dallas Independent School Dist., 28 F.3d 521, 525 (5th Cir. 1994).

However, the revival exception provides that a lapsed right to remove an initially removable case within thirty days is restored when the complaint is amended so substantially as to alter the character of the action and constitute essentially a new lawsuit. See Johnson v. Heublein Inc., 227 F.3d 236, 241–42 (5th Cir. 2000) (citing Cliett v. Scott, 233 F.2d 269, 271 (5th Cir. 1956), cert. den., 352 U.S. 917 (1956)). If the plaintiff amends the complaint but does not alter the character of the action so substantially as to constitute essentially a new lawsuit, the revival exception is inapplicable. See Spindletop Films, L.L.C. v. Wright, 486 Fed.Appx. 468, 468 (5th Cir. 2012). An amendment does not revive a right to remove when the lawsuit remains essentially the same as earlier pleaded and the amendment does not alter the essential character of the action. See Air Starter Components, Inc. v. Molina, 442 F.Supp.2d 374, 382 (S.D.Tex. 2006).

    2. **Citation style alone does not dictate whether a claim falls under federal or state law.**

Defendants contend the addition of the words "Due Process of Law" in the second supplemental petition clearly established federal court jurisdiction for the first time. Defendants contend that capitalization of "Due Process of Law" is a reference to the

6

United States Constitution pursuant to the Rule 8 of The Blue Book: A Uniform System of Citation (19th ed.) ("The Blue Book").

Plaintiffs argue they only intended to allege claims under Louisiana state law in their second supplemental petition, which is why they added the phrase "to privacy, Due Process of Law, and rights of the accused provided *under the Louisiana Constitution*."

The Blue Book is a widely used style guide for legal citation, but it is not uniformly followed. For instance, many states, including the State of Louisiana, do not follow Blue Book format for state case law. In addition, there are other legal citation style guides.[2] Therefore, citation style does not dictate whether a federal or state claim is presented in a complaint. Instead, the well-pleaded complaint complaint rule governs whether federal jurisdiction exists. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987) (citing Gully v. First Nat. Bank, 299 U.S. 109, 97-98 (1936)).

Therefore, capitalization of "Due Process of Law" does not, by itself, allege a federal claim that makes the revival exception applicable in this case.

### 3. Plaintiffs' Second Supplemental Complaint does not set forth a well-pleaded federal claim that makes the Revival Exception applicable.

Courts determine subject matter jurisdiction by looking to the "well-pleaded complaint" rule, which confers federal jurisdiction only when a federal question appears on the face of the plaintiff's complaint. Caterpillar, Inc. v. Williams, 482 U.S. 386, 392 (1987); PCI Transp., Inc. v. Fort Worth & W.R. Co., 418 F.3d 535, 543 (5th

---

[2] The Maroonbook and the ALWD Citation Manual are two alternative legal citation style manuals.

Cir. 2005) ; see also Redus v. Univ. of the Incarnate Word, 61 F.Supp.3d 668, 675 (W.D. Tex. 2014).  Accordingly, if, on its face, the plaintiff's complaint raises no issue of federal law, federal question jurisdiction is lacking and removal is improper. Hart v. Bayer Corp., 199 F.3d 239, 244 (5th Cir. 2000); see also Redus, 61 F.Supp.3d at 675.  This is because the plaintiff is "the master of the complaint" and can choose to eschew federal law claims and have the cause heard in state court.  Holmes Group, Inc. v. Vornado Air Circulation Sys., Inc., 535 U.S. 826, 831 (2002) (citing Caterpillar, 482 U.S. at 398–99).  Consequently, a defendant cannot, merely by injecting a federal question into an action that asserts what is plainly a state-law claim, transform the action into one arising under federal law.  If a defendant could do so, the plaintiff would be "master of nothing." Caterpillar Inc., 482 U.S. at 399; see also Redus, 61 F.Supp.3d at 675.  As a general rule, absent diversity jurisdiction, a case will not be removable if the complaint does not affirmatively allege a federal claim.  Beneficial Nat'l Bank v. Anderson, 539 U.S. 1, 6 (2003).

Plaintiffs alleged in paragraph 5 of their original complaint (filed on December 22, 2015) (Doc. 1-1, p. 3/131)):

> Each and all of the acts of Defendant Blanchard and the City of Alexandria alleged herein were done by those Defendants under the color and pretense of the revises [sic] statutes, ordinances, regulations, customs, laws and usages of the State of Louisiana and the United States and under the authority of their office as police officers for the City of Alexandria.

In paragraph 7 of the original complaint, Smith alleged each defendant violated his civil rights by falsely arresting him.  Smith also alleged that Sutherland and the City of Alexandria failed to properly train Blanchard.  In paragraph 8 Smith asked for

8

monetary damages, including for deprivation of civil rights. In their second amending and supplemental petition (filed on May 27, 2016) (Doc. 1-1, p. 125/131), Plaintiffs contended that Defendants' false arrest, failure to prevent the false arrest, failure to train, and failure to use proper procedure, "violat[ed] [Smith's] civil rights to privacy, Due Process of Law, and rights of the accused provided under the Louisiana Constitution."

Defendants contend Plaintiffs' allegations state claims pursuant to § 1983, even though Plaintiffs did not specifically allege § 1983. Defendants contend that, under Johnson v. City of Shelby, Miss., __U.S.__, 135 S.Ct. 346, 347 (2014), a plaintiff need only set forth the factual basis for a § 1983 claim and need not plead the legal basis for the claim.

However, in Johnson, the Court held that a plaintiff need not specifically cite a statute in order to survive a motion to dismiss but, for purposes of clarification, ordered the plaintiff to amend the complaint to state the basis of his claim on remand. *Id.*, at 347. Therefore, in Johnson, the Supreme Court did not endorse vagueness in complaints, but instead upheld liberal construction of a complaint on a motion to dismiss. The Supreme Court also broadly sanctioned giving a plaintiff an opportunity to amend the complaint.

In this case, the Smiths filed their complaint in state court with the intent to pursue their claims there. Vague references to deprivation of "civil rights" and "unlawful detention" are insufficient to invoke federal jurisdiction. Such rights are also protected by state law, and the lack of specificity as to any particular federal civil

9

right precludes reading the complaint to assert a federal claim for removal purposes. See Stinson v. Scoggins, 2008 WL 631204, at *3 (W.D. La. 2008) (citing Avitts v. Amoco Production Co., 53 F.3d 690, 693 (5th Cir. 1995) (when both federal and state remedies are available, plaintiff's election to proceed exclusively under state law does not give rise to federal jurisdiction); MSOF Corp. v. Exxon Corp., 295 F.3d 485, 490 (5th Cir. 2002).

Federal question jurisdiction is not present merely because a federal law claim, such as 42 U.S.C. § 1983, that was not pleaded by the plaintiff may be available to him. A plaintiff is "master to decide what law he will rely upon," and he may avoid federal jurisdiction by exclusive reliance on state law even though a federal cause of action may be available. See Stinson v. Scoggins, 2008 WL 631204, at *3 (W.D.La. 2008) (citing Caterpillar Inc., 482 U.S. at 392; MSOF Corp., 295 F.3d at 490); see also Creel v. Ard, 2015 WL 925117, at *3–4 (M.D. La. 2015) (defendants may not remove an action based on the existence of a federal claim under § 1983 that has not been asserted by the plaintiffs); In re Alberta Inc., 2014 WL 5782820, at *5 (E.D. La. 2014). Where courts are confronted with vague allegations concerning deprivation of civil rights and liberties, they do not read the complaint to assert a federal claim for removal purposes when clear state law concurrently protects such rights. In re Alberta Inc., 2014 WL 5782820, at *5.

Although their pleadings have frankly never been clear or concise, Plaintiffs deleted all references to the United States Constitution in the second supplemental petition and contend in their reply brief that "this is not a 1983 action; it is a state tort

action" (Doc. 16, p. 2). In accordance with Johnson, this Court does not endorse chronically vague pleadings or contorted language and rationale to avoid federal jurisdiction. But Plaintiffs' second amending and supplemental petition simply does not set forth a new federal claim that makes the Revival Exception applicable to this case.

### 4.  The Artful Pleading Doctrine (preemption) is not applicable.

A plaintiff may not defeat removal by omitting to plead necessary federal questions. Rivet v. Regions Bank lf Louisiana, 522 U.S. 470, 475 (1998), citing Franchise Tax Bd., 463 U.S. at 22. If a court concludes that a plaintiff has "artfully pleaded" claims in this fashion, it may uphold removal even though no federal question appears on the face of the plaintiff's complaint. The artful pleading doctrine allows removal where federal law completely preempts a plaintiff's state-law claim. Rivet, 522 U.S. at 475; see also Owens ex rel. Owens v. Catholic Diocese of Jackson, Mississippi, 169 F.Supp.2d 588, 592-93 (S.D. Miss. 2001).

In the absence of complete preemption, the artful pleading doctrine cannot apply, and the plaintiff's choice to assert only state law claims precludes removing the case to federal court. See Owens ex rel. Owens, 169 F.Supp.2d at 593–94 (citing Waste Control Specialists, L.L.C. v. Envirocare of Texas, Inc., 199 F.3d 781, 784 (5th Cir. 2000), withdrawn and superseded in other part, 207 F.3d 225 (5th Cir. 2007), cert. den., 531 U.S. 956 (2000)); see also Redus, 61 F.Supp.3d at 675. The federal court does not decide the viability of a plaintiff's state law claims because that is for the state

court to decide.  Owens, 169 F.Supp.2d at 593–94 (citing Waste Control Specialists, 199 F.3d at 784).[3]

Under the complete preemption exception to the well-pleaded complaint rule, a federal court finds that Congress desired to control the adjudication of the federal cause of action to such an extent that it did not just provide a federal defense to the application of state law.  Instead, it replaced the state law with federal law and made it clear that the defendant as the ability to seek adjudication of the federal claim in a federal forum.  Hart, 199 F.3d at 244 (citing Schmeling v. NORDAM, 97 F.3d 1336, 1341 (10th Cir. 1996).  To give rise to federal question jurisdiction, a court must find complete preemption.  See Hart, 199 F.3d at 244 (citing Franchise Tax Bd. v. Construction Laborers Vacation Trust, 463 U.S. 1, 23-24 (1983)).  Complete preemption does not apply to § 1983 claims.  Redus, 61 F.Supp.3d at 676-77 (citing Quinn v. Guerrero, 2009 wl 5166223, *5 (E.D. Tex. 2009); Bridge Point Yacht Center, Inc. v. Calcasieu Parish Sheriff's Office, 2013 WL 1197143,*2 (W.D. La. 2013)); see also v. Stinson v. Scoggins, 2008 WL 631204; *4 (W.D. La. 2008); Archer v. Nissan Motor Acceptance Corp., 324 F.Supp.2d 805, 808 (S.D. Miss. 2004).  Therefore, the artful pleading doctrine does not apply to Plaintiffs' petitions.

---

[3] Plaintiffs cite an unpublished memorandum ruling, Robinson v. Wal-Mart Louisiana LLC, et al., Docket No. 1:11-cv-00836 (W.D. La. 2011) (Doc. 9, p. 7).  That case was removed pursuant to 28 U.S.C. §1443, which provides for removal of civil rights cases involving discrimination.  That provision was found to be inapplicable to that case, so it was remanded.  This case does not involve § 1443, and Robinson is inapplicable to this case.

B.  <u>Plaintiffs' motion for attorney fees and costs should be denied.</u>

Plaintiffs ask for costs and attorney fees incurred due to the removal and remand pursuant to 28 U.S.C. § 1447(c) (Doc 9).[4]

The standard for awarding fees turn on the reasonableness of the removal. Absent unusual circumstances, courts may award attorney's fees under § 1447(c) only where the removing party lacked an objectively reasonable basis for seeking removal. Conversely, when an objectively reasonable basis exists, fees should be denied. See <u>Martin v. Franklin Capital Corp.</u>, 546 U.S. 132, 141 (2005) (citing <u>Hornbuckle v. State Farm Lloyds</u>, 385 F.3d 538, 541 (5th Cir. 2004); <u>Valdes v. Wal–Mart Stores, Inc.</u>, 199 F.3d 290, 293 (5th Cir. 2000)).

The stated basis of Defendants's removal claim was that Plaintiffs's federal Due Process claim presented in the second supplemental petition was a new federal claim that created federal court jurisdiction.

As shown above, Plaintiffs' petitions have been vague and inconsistent regarding whether Plaintiffs are proceeding under state law, federal law, or both. Defendants' removal was thus not objectively unreasonable. Plaintiffs' motion for an award of attorney fees and costs (Doc. 9) should be denied.

---

[4] A motion to remand the case based on any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under <u>section 1446(a)</u>. If at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded. An order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred because of the removal. A certified copy of the order of remand shall be mailed by the clerk to the clerk of the State court. The State court may thereupon proceed.

### C. Defendants' motion to dismiss or alternative motion for more definite statement should be denied as moot.

Since Plaintiffs' motion to remand should be granted, because the removal was untimely, Defendants' Rule 12(b)(2) Motion to Dismiss or Alternative Rule 12(e) Motion for More Definite Statement (Doc. 2) should be denied as moot.

### III. Conclusion

Based on the foregoing, IT IS RECOMMENDED that Plaintiffs's motion to remand (Doc. 9) be GRANTED, and this case be remanded to the Louisiana Ninth Judicial District Court.

IT IS FURTHER RECOMMENDED that Plaintiffs's motion for attorney fees and costs (Doc. 9) be DENIED.

IT IS FURTHER RECOMMENDED that Defendants's motion to dismiss or alternative motion for more definite statement (Doc. 2) be DENIED AS MOOT.

Under the provisions of 28 U.S.C. § 636(b)(1)(c) and Fed.R.Civ.P. 72(b), parties aggrieved by this Report and Recommendation have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within fourteen (14) days after being served with a copy thereof. No other briefs (such as supplemental objections, reply briefs, etc.) may be filed. Providing a courtesy copy of the objection to the undersigned is neither required nor encouraged. Timely objections will be considered by the District Judge before a final ruling.

Failure to file written objections to the proposed findings, conclusions, and recommendations contained in this Report and Recommendation within fourteen (14) days from the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Judge, except upon grounds of plain error.

THUS DONE AND SIGNED in chambers in Alexandria, Louisiana, this <u>27th</u> day of January 2017.

_____
Joseph H.L. Perez-Montes
United States Magistrate Judge